# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 948 | **DATE** | 11/19/2003 |
| **CASE TITLE** | George P. Goodman vs. Donald N. Snyder, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendants' motion for leave to file defendants' motion for summary judgment with regard to the constitutionality of RLUIPA and defendants' amended motion for summary judgment with regard to RLUIPA is granted. Defendants' motion for summary judgment is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 20 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 152 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SLB | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
NOV 2 0 2003

| | |
|---|---|
| GEORGE P. GOODMAN, | ) |
| Plaintiff, | ) |
| | ) No. 00 C 0948 |
| v. | ) |
| | ) Judge George W. Lindberg |
| DONALD N. SNYDER, JR., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff George Goodman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), is a member of the Wiccan religion. Plaintiff interprets the tenets of Wicca to require him to follow a lacto-ovo vegetarian diet[1] and use tarot cards. In 1999, plaintiff requested a vegetarian diet and a deck of tarot cards to use to practice his religion. According to plaintiff, the IDOC institutions in which he has been confined neither have offered him a lacto-ovo vegetarian diet, nor have allowed him to supplement a more restrictive vegan diet[2] with eggs and dairy products purchased with his own money through the commissary. Plaintiff's request for tarot cards was denied.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, claiming that defendant IDOC officials violated his First Amendment right to free exercise of his religion, as well as the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA"). Defendants now move for summary judgment on the basis that Section 3 of the RLUIPA is

---

[1] A lacto-ovo vegetarian diet excludes meat, poultry, and fish, but includes dairy products and eggs.

[2] A vegan diet excludes dairy products and eggs, as well as meat, poultry, and fish.

unconstitutional. Specifically, defendants argue that Congress exceeded its powers under the Spending and Commerce Clauses when it enacted of the RLUIPA, and violated the Tenth Amendment, the Establishment Clause of the First Amendment, the principle of separation of powers, and the Eleventh Amendment.

Defendants' arguments relating to the Spending and Commerce Clauses, the Tenth Amendment, and the Establishment Clause are meritless, since the Seventh Circuit has held that the RLUIPA is constitutional in a case in which these arguments were made. See Charles v. Verhagen, No. 02-3572, 2003 WL 22455960 (7th Cir. Oct. 30, 2003). Accordingly, the court turns to defendants' separation of powers argument.

The RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (2000). Congress enacted the RLUIPA under the Spending and Commerce Clauses following the Supreme Court's decision in City of Boerne v. Flores, 521 U.S. 507 (1997), which struck down the Religious Freedom Restoration Act of 1993 ("RFRA") under the Fourteenth Amendment. Charles, 2003 WL 22455960, at *2. The RFRA had attempted to restore a compelling interest test for all free exercise of religion claims after the Supreme Court held in Employment Division v. Smith, 494 U.S. 872 (1990), that laws of general applicability that incidentally burden religious conduct do not violate the First Amendment. See 42 U.S.C. § 2000bb. Defendants here argue that Congress' enactment of the RLUIPA violates the principle

of separation of powers because in mandating the compelling interest test, Congress improperly imposed a rule of constitutional interpretation on the courts that the Supreme Court previously rejected.

The court disagrees. Congress' enactment of the RLUIPA did not overturn the Supreme Court's constitutional interpretation in Employment Division, but rather merely provided greater protection for religious exercise in the narrow areas of land use and institutionalized persons. Mayweathers v. Newland, 314 F.3d 1062, 1070 (9th Cir. 2002), cert. denied, 124 S. Ct. 66 (2003). In doing so, the enactment of the RLUIPA "respect[ed] that [Employment Division v.] Smith set only a constitutional floor – not a ceiling – for the protection of personal liberty." Id. Indeed, the Employment Division Court noted:

> Values that are protected against government interference through enshrinement in the Bill of Rights are not thereby banished from the political process. Just as a society that believes in the negative protection accorded to the press by the First Amendment is likely to enact laws that affirmatively foster the dissemination of the printed word, so also a society that believes in the negative protection accorded to religious belief can be expected to be solicitous of that value in its legislation as well.

Employment Division, 494 U.S. at 890. Therefore, defendants' separation of powers fails.

The court next turns to defendants' argument that plaintiff's RLUIPA claim violates the Eleventh Amendment. The Eleventh Amendment generally bars "suits brought by private parties against a state." Marie O. v. Edgar, 131 F.3d 610, 615 (7th Cir. 1997). However, "suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment under the *Ex parte Young* doctrine." Id. (citing Ex parte Young, 209 U.S. 123, 159-60 (1908)).

Although this case is an action by a citizen against officials of the state of Illinois for

3

prospective injunctive relief, defendants argue that the Ex parte Young exception does not apply. Defendants contend that Ex parte Young is inapplicable here because the RLUIPA "uniquely implicates special state sovereignty interests," citing Idaho v. Coeur d'Alene Tribe, 521 U.S. 261 (1997) in support of this contention.[3] In Coeur d'Alene Tribe, a Native American tribe filed suit for declaratory and injunctive relief, seeking to establish its title to certain submerged lands in Idaho, and to divest the State of Idaho of any regulatory jurisdiction over the lands. Id. at 265. The Supreme Court observed that the relief the tribe sought was "far-reaching and invasive" and would cause significant offense to Idaho's sovereign authority because "[t]he suit would diminish, even extinguish, the State's control over a vast reach of lands and waters long deemed by the State to be an integral part of its territory." Id. at 282. The Court found the Ex parte Young exception inapplicable "[u]nder these particular and special circumstances." Id. at 287.

This court finds that the RLUIPA does not implicate such special state sovereignty interests. Accordingly, this case falls within the Ex parte Young exception, and does not violate the Eleventh Amendment.

---

[3] Defendants also argue that the Ex parte Young exception does not apply because the RLUIPA is unconstitutional. The court need not address this argument, since it has already found that the RLUIPA is constitutional.

4

**ORDERED**: Defendants' motion for summary judgment is denied.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: NOV 1 9 2003

5